[Civ. No. 1301. Fourth Appellate District.—June 4, 1934.]

F. E. TILTON, Respondent, v. IOWA OIL COMPANY (a Corporation), Appellant.

94

James T. Barstow for Appellant.

John F. Pryor and J. L. C. Irwin for Respondent.

JENNINGS, J.—The plaintiff instituted this action on January 5, 1932, to compel the defendant corporation to issue new certificates representing shares of stock of said

corporation. The action was brought in accordance with the provisions of section 330.18 of the Civil Code. The complaint contained five counts. In the first count plaintiff alleged that during the month of November of the year 1899 he had purchased and paid for 1,000 shares of stock of the defendant corporation and that a certificate representing this number of shares was issued to him by said corporation; that the certificate remained in his possession until the year 1925, when it was lost and destroyed; that plaintiff had not assigned, indorsed, transferred or hypothecated said certificate; that plaintiff notified the defendant corporation of the loss of the aforesaid certificate and demanded that the corporation issue to him a new certificate for the aforesaid stock but that defendant refused to comply with the demand. In the remaining four counts plaintiff alleged that on December 28, 1931, certain named stockholders of the defendant corporation had assigned to him certificates of stock of the defendant corporation which had originally been issued to them by the defendant corporation and which certificates had been lost or destroyed and had assigned to him their causes of action thereon and that plaintiff had thereby become the owner thereof and entitled to the issuance of new certificates in lieu of said lost or destroyed certificates. These counts also contained allegations of demand made upon the defendant corporation for the issuance of certificates and a refusal by the corporation to comply with the demand. The prayer of the complaint was for a judgment ordering the defendant to issue five certificates representing a total of 2,150 shares of the defendant corporation. The defendant filed an answer specifically denying the material allegations of the complaint and the action proceeded to trial. Upon the conclusion of the trial the court rendered judgment in plaintiff's favor ordering and directing the defendant to issue five certificates representing a total of 2,150 shares of stock upon the express condition that plaintiff should deposit as security or deliver to the court a bond to be approved by the court in the amount of $2 for each share of stock evidenced by each certificate, which the court in its findings of fact had found was lost or destroyed. From the judgment thus rendered the defendant presents this appeal.

Upon this appeal the appellant advances three contentions which it maintains sufficiently demonstrate that the

trial court committed errors requiring a reversal of the judgment. These are, first, that the evidence fails to support the court's findings that the various certificates were lost or destroyed; second, that the evidence showed that certain of the original certificates were intentionally destroyed and that the statute under which this action was brought does not contemplate an enforced reissuance of certificates which have been intentionally destroyed; third, that respondent is not entitled to maintain this action as assignee of the original owners of stock. The third contention concededly applies only to that part of the judgment which directed the issuance of new certificates to respondent in lieu of those originally issued to individuals who had assigned their claims to respondent.

Examination of the record impels the conclusion that the first of the above-mentioned contentions is not sustainable. Evidence which tended to show that the five certificates mentioned in the complaint were issued by appellant during the year 1899 to the various persons designated in the pleading and that each of these certificates had been lost or destroyed was produced by respondent during the trial of the action. Appellant presented no evidence which controverted these facts. It must, in fairness to appellant, be observed that, under the circumstances which were made to appear, such evidence was practically impossible of production. The original active existence of the appellant corporation was short lived. It was organized in 1899 and for a few years thereafter its stock was sold to people who resided in Kings County. The corporation was organized for the purpose of drilling for oil on certain land owned by the corporation. So far as appears, whatever drilling operations were commenced by the corporation were unsuccessful and after a few years it defaulted in the payment of taxes on the land and in payment of its corporate license tax to the state. The charter of the corporation was forfeited and the land was sold to the state for delinquent taxes. Capital stock of the corporation was originally issued to some 136 persons. In 1922 or thereabouts all of the original records of the corporation were destroyed by fire. In the year 1928 a producing oil well was drilled on land near that which had been owned by the appellant. Interest in the appellant corporation was then revived and the delin-

quent taxes were thereupon paid and the land redeemed by the appellant. Under these circumstances the practical impossibility of any officer of the appellant being able to deny positively that the various individuals mentioned in the complaint were owners of stock in the corporation and that certificates representing such stock had been issued to them is obvious. The impossibility of any officer of appellant being able to deny that the various certificates had been lost or destroyed is likewise obvious. Nevertheless these were facts which were to be discovered by the trier of facts and the responsibility for their proper determination rested with the trial court. A reviewing court cannot from the cold record declare that the trial court incorrectly found that the certificates were originally issued to the various claimants and that these certificates had been destroyed or were lost when the only positive evidence which the record discloses is to this effect.

■ Appellant's second contention is likewise untenable. In the final analysis it is also a contention of evidentiary insufficiency. There is nothing in the language of the statute which declares that one who has intentionally destroyed certificates is not entitled to the remedy of reissuance. The wording of the statute is "Whenever a certificate . . . has been lost or destroyed." There is no expressed limitation with respect to the manner of destruction. It may be conceded that it is the general rule that every presumption is against the despoiler of documentary evidence. This is true because the inference which arises from proof of intentional destruction is that the truth which would have conclusively appeared from the production of such evidence would have operated against the despoiler. Nevertheless, we know of no authority which declares that the presumption is conclusive. Although evidence of the issuance of the certificates to the persons who claimed the ownership of them and of their destruction by these individuals must necessarily have been clear, satisfactory and convincing, the question of its quality and of whether it successfully measured up to this rigorous test was one that the trial court had to answer. We cannot declare that there was not substantial evidence supporting the findings of the court and its determination must therefore be regarded as conclusive upon this appeal.

█ Appellant's third contention is that this action is not maintainable by respondent as to those certificates which the complaint admits were originally issued to persons other than respondent and which it is alleged were assigned to respondent. The basis of this contention appears to be that, since the remedial statute by virtue of whose provisions this action is brought states that the "owner" of lost or destroyed certificates may bring an action to compel the issuance of new certificates and since the statute further specifies that the verified complaint of such owner must show that he had not "assigned, indorsed, transferred, hypothecated, or in any way disposed of such certificates except to a party defendant", the legislative intention to restrict an action of this character to original owners of certificates is apparent. We think that the provision requiring the presence of an allegation of nonassignment in the complaint is obviously one that is demanded for the purpose of affording a maximum of protection to the corporation named as the defendant in the action. It is our opinion that it does not apply to a situation of the character which is here presented. Appellant is advised by the allegations of the verified complaint that the original owner's right of action has been assigned to respondent and that no assignment, hypothecation or transfer of the certificates themselves had been made by the person to whom they were originally issued. Since it satisfactorily appears from the allegations of the complaint and from the evidence that the certificates originally issued to persons other than respondent had been lost or destroyed while they were in the possession of such persons and that no assignment or transfer of such certificates had been made prior to their loss or destruction, it would seem to follow that what was assigned to respondent was not the certificates but the right of action of the original owners to enforce the issuance of new certificates.

Appellant's argument that a right of action to compel the issuance of new certificates is limited to the original owners of lost or destroyed certificates is likewise unconvincing. It must, however, be conceded that the language of the statute lends support to such an argument. The phraseology of the statute is: "Whenever a certificate . . . has been lost or destroyed, the owner thereof may bring an action . . . for the purpose of obtaining a new certificate." Strict con-

struction of this language alone would lead to the conclusion that it was the intention of the legislature to limit the rights of action for the issuance of new certificates to the original owners of such certificates. However, when the statute as a whole and its obvious purpose are considered we think that the strict construction contended for by appellant is not demanded. Furthermore, if strict construction of the statute is demanded it must be observed that the statute nowhere declares that the right of action which is conferred upon an original owner may not be assigned and we are entitled to rely upon the familiar and general rule that choses in action are assignable. We are the more impelled to reject appellant's contention because of the very obvious hardship that would thereby result to small shareholders. In this very action, if appellant's contention must be sustained, five different actions with the attendant expense and difficulty would be required to accomplish what is here accomplished by a single action.

Appellant presents a final objection to the judgment which provides as a condition thereof that respondent must deposit security or a bond to be approved by the court in the amount of $2 for each share of stock represented by the lost or destroyed certificates. It appears that a bond in which respondent alone is principal in the amount thus required has been filed by respondent and has been approved by the trial court. It is urged that appellant is entitled to the security afforded by the financial responsibility of those persons who had assigned their claims to respondent. In other words, appellant contends that the court should have required as a condition of the judgment that a bond signed not only by respondent but also by his assignors as principals should be given. The contention is wholly untenable. The statute provides that "the court shall order, as a condition of the judgment, that the plaintiff shall deposit adequate security, or deliver to the court such bond, approved by the court, as will be sufficient to protect and indemnify the corporation . . . against loss, expense, or liability". It is not contended that the bond which has been filed and approved will fail to afford to appellant full and adequate protection. The bond required as a condition of the judgment is in strict conformity with the above-quoted

language of the statute and appellant has no valid cause of complaint.

For the reasons stated herein, the judgment from which this appeal has been taken is affirmed.

Barnard, P. J., and Marks, J., concurred.